## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTINA BLYE, Individually | ) | |
| and as Parent and Natural | ) | |
| Guardian of M.W., a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-041 |
| | ) | |
| AARON WARD, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Plaintiff has filed a Motion to File Under Seal Exhibits to Plaintiff's Motion to Approve Settlement of a Minor.  Doc. 25.  In it, Plaintiff represents that Defendant has no objection to the motion.  *Id.* at 2.  The motion seeks leave to file under seal certain exhibits, identified as Exhibits A – F, "associated with and referenced in Plaintiff's Motion to Approve Settlement of a Minor." *Id.* at 1, 2

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234,

1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted). The Plaintiff's Motion to Approve Settlement of a Minor, to which the exhibits

are attached, is a judicial record subject to the public's right of access.  *Cf.*

*Clark v. Bamberger*, 2016 WL 1183180, at *2 (M.D. Ala. Mar. 28, 2016).

A party can overcome the common-law right of access by a showing

of good cause.  *Callahan*, 17 F.4th at 1363.  A good cause determination

"requires balancing the asserted right of access against the other party's

interest in keeping the information confidential." *Romero*, 480 F.3d at

1246 (internal quotation marks and alterations omitted) (quoting *Chi.*

*Tribune Co.*, 263 F.3d at 1309).  In weighing these competing interests,

the Court considers "a number of important questions," which the

Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or
> harm legitimate privacy interests, the degree of and
> likelihood of injury if made public, the reliability of the
> information, whether there will be an opportunity to respond
> to the information, whether the information concerns public
> officials or public concerns, and the availability of a less
> onerous alternative to sealing the documents.  Concerns about
> trade secrets or other proprietary information, for example,
> can overcome the public interest in access to judicial
> documents.  Indeed, a court should consider whether the
> records are sought for such illegitimate purposes as to
> promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations

omitted).  The decision of whether good cause exists rests with the sound

discretion of the district court judge, is based on the "nature and

character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Plaintiff's motion explains that the six exhibits to the Motion to Approve Settlement of a Minor "contain confidential information, including settlement terms, attorney's fees, litigation expenses advanced, liens by health insurers, the injury and surgical treatment rendered, and the full name, date of birth, and other identifying information of M.W., a minor." Doc. 25 at 1. It argues there is no public interest in these exhibits that overrides the need for closure. *Id.* Courts have sealed settlements in litigation that exposes sensitive information about a child that could cause the child great trauma or embarrassment. *See Clark*, 2016 WL 1183180, at *2; *but see Willis v. United States*, 2019 WL 7194599, at *2-*3 (S.D. Ga. Dec. 26, 2019) (denying motion to seal information related to minor settlement). Given the sensitive nature of the allegations in this case, *see* doc. 1 at 2-3, and given that the exhibits presented to the Court for review contain the minor child's medical records and personally

identifiable information, the Plaintiff has shown the requisite good cause to seal the exhibits to the Motion to Approve Settlement. *Cf. Willis*, 2019 WL 7194599, at *2 ("[A] minor's interest in privacy is more compelling when the documents would expose confidential educational, medical, or mental-health information." (internal quotation marks and citation omitted)).

The Motion to Seal is, therefore, **GRANTED.** Doc. 25. The Clerk is **DIRECTED** to maintain Exhibits A-F to the Motion to Approve Settlement, doc. 26, permanently **UNDER SEAL**. *See* S.D. Ga. L. Civ. R. 79.7(e).

**SO ORDERED**, this 27th day of April, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA